UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

FILED
FEB 21 2017

| | |
|---|---|
| FRANKLIN SANDOVAL NELSON,<br><br>Petitioner,<br><br>vs.<br><br>ROBERT DOOLEY and MARTY J. JACKLEY,<br><br>Respondents. | 1:17-CV-01001-CBK<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND ORDER DENYING CERTIFICATE OF APPEALABILITY |

Petitioner was convicted of third degree rape in the South Dakota Fifth Judicial Circuit Court, Roberts County, and was sentenced on October 23, 2014, to 25 years custody. He previously filed in federal court a civil rights complaint pursuant to 42 U.S.C. § 1983, CIV 15-1001. He sought an order vacating his conviction and release from custody. His complaint was construed as a petition for a writ of habeas corpus, which petition was dismissed without prejudice for failure to exhaust state court remedies.

Petitioner subsequently filed post-conviction relief motions in his state criminal case as well as a state habeas corpus petition. The state habeas corpus petition is still pending.

Petitioner has now filed this second petition for a writ of habeas corpus, challenging his state court rape conviction. He has also filed a motion to proceed without the prepayment of fees and an affidavit *in forma pauperis* pursuant to 28 U.S.C. § 1915. Petitioner has made the requisite showing under 28 U.S.C. § 1915(a). Accordingly, his motion to proceed *in forma pauperis* will be granted. Pursuant to 28 U.S.C. § 1915(b)(1), petitioner is required to pay the statutory filing fee of $5.00 for this action. See 28 U.S.C. § 1914(a). Petitioner filed a motion for the appointment of counsel which, in this case, is premature.

I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts.

Petitioner is required to exhaust state court remedies prior to bringing federal habeas corpus claims. 28 U.S.C. § 2254(b)(1)(A). "The exhaustion requirement has as its purpose giving state courts 'the first opportunity to review federal constitutional issues and to correct federal constitutional errors made by the state's trial courts.'" Smittie v. Lockhart, 843 F.2d 295, 296-97 (8th Cir. 1988).

Petitioner contends that the exhaustion requirement should be waived because the South Dakota Supreme Court rejected his *pro se* documents attempting to appeal the state trial court's failure to as yet rule on his post-conviction motions. Petitioner admits in his petition that he filed a petition for a writ of habeas corpus in state court, which petition is separate from the pending post-conviction relief claims he is raising in his criminal case. The petition was filed in March 2016. Counsel was appointed for petitioner and it appears the matter is proceeding through the state court. Petitioner is required to fully exhaust state court habeas remedies before proceeding in federal court under § 2254.

Petitioner has filed a motion for a "PR bond pending appeal." There is no federal court appeal pending and there is no authority for a federal district judge to order the release of a state court prisoner unless a writ of habeas corpus issues. No writ of habeas corpus can issue until the state court first has a full opportunity to consider petitioner's Constitutional claims.

Based upon the foregoing,

IT IS ORDERED:

1. Petitioner's motion, Doc. 2, to proceed without the prepayment of fees is granted. Petitioner, however, shall pay, through the Clerk of Court in Pierre, South Dakota, the $5.00 statutory filing fee for the above-captioned habeas action.

2. The petition is dismissed without prejudice for failure to exhaust state court remedies.

3. The motion, Doc. 4, to appoint counsel is denied.

4. All other motions are denied as frivolous.

TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT:

Petitioner filed a second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court rape conviction. This Court denied petitioner's petition for a writ of habeas corpus on the basis that his state court habeas petition is still pending.

Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. This construction gives meaning to Congress' requirement that a prisoner demonstrate substantial underlying constitutional claims and is in conformity with the meaning of the "substantial showing" standard . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000) (emphasis supplied). Petitioner did not and has not made a substantial showing that jurists of reason would find it debatable whether the petition was correctly dismissed.

IT IS HEREBY CERTIFIED that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's petition for a writ of habeas corpus. This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

DATED this 17th day of February, 2017.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge

3